Filed 9/18/20  P. v. Dean CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073410 |
| v. | (Super.Ct.No. SWF023807) |
| KEITH JEROME DEAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Britton B. Lacy, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Keith Jerome Dean filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the court denied. On appeal, defendant contends the court erred by summarily denying his petition. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On November 22, 2007, defendant and three companions were inside a convenience store while the victims were purchasing beer. Defendant saw that the murder victim had money in his pocket and planned to take it. The murder victim left the store; defendant headed in the same direction. Shortly thereafter, defendant, who had been hiding behind a bush waiting for the victims, hit the victim in the face, demanded money, and hit the victim again. Defendant removed $50 from the victim's pants' pocket as the victim "lay in the street." The victim immediately "died on the spot from cardiovascular disease and other medical conditions, but the attack was deemed by the autopsy pathologist to be a substantial factor in contributing to his death." (*Dean*, *supra*, E050502.)

A jury convicted defendant of murder (§ 187, subd. (a)) and attempted robbery (§§ 664, 211). The jury additionally found true a special circumstance allegation that defendant committed the murder during a robbery. (§ 190.2, subd. (a)(17).) The court

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] On the court's own motion, we take judicial notice of the record in *People v. Dean* (July 28, 2011, E050502) [nonpub. opn.] (*Dean*), defendant's appeal from the original judgment. (Evid. Code, § 459.) We derive much of our factual recitation from the opinion in that matter.

sentenced him to life imprisonment without the possibility of parole. (*Dean*, *supra*, E050502.)

On June 4, 2019, defendant filed a petition for resentencing pursuant to section 1170.95. The People filed a response arguing the petition should be summarily denied because, according to readily available records, the jury had found true a robbery-murder special circumstance, which required the jury find that defendant either intended to kill or was a major participant acting with reckless indifference.

At the hearing on the petition, the People argued that since the jury had been instructed with CALCRIM No. 703, which required it find defendant acted with an intent to kill or that he was a major participant acting with reckless indifference, the petition should be denied. Defense counsel objected, but agreed that the People's rendition of the facts was as it appeared in the available record. The court denied the petition.

## II. DISCUSSION

Defendant contends the court prejudicially erred in summarily denying his petition for resentencing. We disagree.

"Senate Bill 1437 was enacted to 'amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' [Citation.] 'Senate Bill No. 1437 achieves these goals by amending section 188 to require that a principal act with express or implied malice and by amending section 189 to state that a person can only be liable for felony murder if

3

(1) the "person was the actual killer"; (2) the person was an aider or abettor in the commission of murder in the first degree; or (3) the "person was a major participant in the underlying felony and acted with reckless indifference to human life."'" (*People v. Tarkington* (2020) 49 Cal.App.5th 892, 896, review granted Aug. 12, 2020, S263219.)

Here, sufficient evidence supports a finding that defendant was the actual killer and, therefore, per se ineligible for relief pursuant to section 1170.95. Defendant admitted he followed the victim as he left the convenience store in order to rob him. Defendant admitted that after hiding in the bushes, he twice punched the victim hard. Defendant administered the second punch after the victim had fallen to the ground. The attack was deemed by the autopsy pathologist to be a substantial factor contributing to the victim's death. Defendant then fled with his companions. Therefore, as the actual killer, the court properly denied defendant's petition. (*People v. Law* (2020) 48 Cal.App.5th 811, 822 [Where there is sufficient evidence from the record of conviction reflecting that a defendant is statutorily ineligible for section 1170.95 relief, the petition is properly denied.].) "As a result, we conclude the denial of [the defendant's] petition was proper." (*Id.* at p. 825.)

4

## III.  DISPOSITION

The order denying defendant's section 1170.95 petition for resentencing is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:


MILLER

J.


MENETREZ

J.

5